DA 12-0474

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 95N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ALLISON CHAPMAN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDC-11-320
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Allison Chapman (Self-Represented), Great Falls, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein, Assistant Attorney General, Helena, Montana

          John Parker, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs:  March 27, 2013

Decided:   April 9, 2013

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Defendant Allison Chapman appeals the decision of the Eighth Judicial District Court, Cascade County, affirming her convictions in Cascade County Justice Court of failing to carry proof of insurance and failing to wear a seatbelt. Chapman argues on appeal that there was no particularized suspicion to stop her vehicle and that she was denied her right to a speedy trial. We affirm.

¶3 On February 12, 2011, at approximately 6:08 p.m., Montana Highway Patrol Trooper Donald Lee stopped Chapman on U.S. Highway 87 after observing that her vehicle had only one working headlight. As Lee approached Chapman's vehicle, he saw that Chapman was not wearing a seatbelt. Further, Chapman was not able to provide Lee with proof of insurance. Lee cited Chapman with failing to wear a seatbelt in violation of § 61-13-103, MCA, and operating a motor vehicle without proof of liability insurance in violation of § 61-6-302(2), MCA. Chapman appeared in the Justice Court on February 22 and entered pleas of not guilty. The court set a jury trial for June 2, 2011.

¶4 Chapman filed a motion to dismiss the charges on or about April 13, arguing that Trooper Lee lacked particularized suspicion to stop her vehicle. The Justice Court denied the motion on May 9, finding that Lee had reasonable suspicion to stop Chapman's

2

vehicle based on violations of §§ 61-9-109 and -203, MCA, which require a vehicle to have two operable headlamps at all times. Chapman filed a "Writ of Supervisory Control" in the District Court on or about May 16. The District Court denied the request, stating that it had no authority to issue a writ of supervisory control directed to the Justice Court.

¶5 On the scheduled trial date of June 2, Chapman informed the Justice Court that she intended to enter no-contest pleas to the charges. Justice of the Peace Steven Fagenstrom explained that he normally does not accept a no-contest plea unless the defendant had no recollection of the underlying events. Chapman therefore told the Justice Court to reset her case for trial and filed a motion to disqualify the judge.

¶6 On September 15, the District Court appointed Judith Basin County Justice of the Peace Larry Carver to hear Chapman's disqualification request. Justice of the Peace Carver conducted a disqualification hearing on November 1 and denied Chapman's request in a written order dated November 9.

¶7 Meanwhile, on October 21, Chapman filed in the Justice Court another motion to dismiss the charges, this time based on alleged statutory speedy trial violations. Justice of the Peace Fagenstrom denied the motion on November 28. Chapman thereafter filed a motion to reconsider on December 14, which the Justice Court denied on December 22.

¶8 Justice of the Peace Fagenstrom conducted a bench trial on February 8, 2012, and found Chapman guilty of failure to carry proof of insurance and failure to wear a seatbelt. Chapman was fined $20 for the seatbelt violation and $250 for failing to carry proof of insurance. A $35 surcharge was also applied.

3

¶9 Chapman appealed to the District Court, raising three issues: (1) whether Trooper Lee had particularized suspicion to stop her vehicle; (2) whether Montana law required her to have headlamps illuminated at all times; and (3) whether the Justice Court erred in denying her motion to dismiss for statutory speedy trial violations. On August 2, 2012, the District Court issued an order rejecting all three claims and affirming Chapman's convictions in Justice Court. Chapman now asserts on appeal before this Court the same three issues she raised in the District Court.

¶10 On Chapman's appeal from the Cascade County Justice Court, which is a court of record, the District Court functioned as an intermediate appellate court. *See* §§ 3-5-303 and 3-10-115, MCA. On Chapman's appeal to this Court, we review the case as if the appeal originally had been filed in this Court. *State v. Ellison*, 2012 MT 50, ¶ 8, 364 Mont. 276, 272 P.3d 646. We examine the record independently of the District Court's decision, applying the appropriate standard of review. *Ellison*, ¶ 8.

¶11 Section 46-5-401(1), MCA, authorizes a peace officer to conduct an investigative stop of "any person or vehicle that is observed in circumstances that create a particularized suspicion that the person or occupant of the vehicle has committed, is committing, or is about to commit an offense." Pursuant to §§ 61-9-109 and -203, MCA, operating a motor vehicle without two headlamps in proper working order is a misdemeanor. Because Chapman was driving a vehicle without two working headlamps in violation of these statutes, Trooper Lee possessed the requisite particularized suspicion to believe that Chapman was committing an offense, which warranted an investigatory stop of her vehicle. *State v. Farabee*, 2000 MT 265, ¶¶ 15-19, 302 Mont. 29, 22 P.3d

The District Court did not err in affirming the Justice Court's denial of Chapman's motion to dismiss for lack of particularized suspicion.

¶12 As for Chapman's motion to dismiss for lack of a speedy trial, the record reflects that Chapman did not receive a trial in Justice Court within the statutory six-month period set forth in § 46-13-401(2), MCA. The delay, however, is completely chargeable to Chapman. She filed a writ of supervisory control in the District Court, a motion to disqualify Justice of the Peace Fagenstrom, a motion to dismiss on speedy trial grounds, and a motion to reconsider. Since Chapman caused the delay, the Justice Court correctly attributed the delay to Chapman and correctly denied her motion to dismiss for statutory speedy trial violations.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The Justice Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the Justice Court correctly interpreted. The District Court, in turn, correctly applied the standards of review applicable to the Justice Court's rulings.

¶14 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ JIM RICE